### ELIJAH PEALE, Trustee, v. JOHN ROUTH et al.

The plaintiff, as trustee of the Agricultural Bank of Mississippi, under an appointment made by the court in Mississippi which declared the forfeiture of the charter of the bank, obtained judgments, first in Mississippi against the defendant, *Routh*, on which judgments were afterwards rendered against him in Louisiana, in favor of the trustee. *Held:* That on the trial of the issue as to the right of property sought to be subjected to the payment of such judgments, neither the defendant nor those claiming to have derived title under him, could contest the capacity of the trustee, that being *res judicata* as to the original defendant, and the other parties having no interest therein.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J.
J. B. & C. T. *Bemiss*, for plaintiff and appellant. A. *Snyder* and T. P. *Farrar*, for defendants.

COLE, J. The sole question is the validity of the following exception to plaintiff's petition ;

1. "That plaintiff has no such capacity as trustee of the Agricultural Bank of Mississippi.

2. " That even if he be trustee of said bank, as alleged, he has no authority as such to sue or stand in judgment in the courts of this State, and that this court is without jurisdiction.

3. " That plaintiff, in his petition, shows no right of action in himself personally, or as trustee."

This exception was sustained except as to *John Routh.*

We are of opinion that the exception was inoperative and ought to have been overruled as to all the defendants.

In 1842, the Agricultural Bank of Mississippi instituted suits in the Circuit Court of Adams county, Mississippi, against *William Ferriday, Henry L. Bennet, John Routh,* and others. During the pendancy of these suits, proceedings were instituted against the plaintiff, the Agricultural Bank; to have its charter declared forfeited under the Act of the Legislature of Mississippi, passed 26th July, 1843. Hutchinson's Digest, p. 330, 1848 edition.

These proceedings resulted, May, 1845, in declaring and adjudging the bank to have forfeited its charter, and appointing *Elijah Peale,* trustee, who, having qualified according to law, then took the place of the bank as plaintiff, and at the November term of the Circuit Court for Adams county, obtained a judgment against *John Routh et al.* for $20,587 77, besides interest and costs; afterwards, at the May term of the same court, *Peale* obtained another judgment against *John Routh et al.,* for $189,209 44, besides interest and costs. In 1855, *Elijah Peale,* trustee, instituted suits against *John Routh,* in the District Court of the parish of Tensas. On these suits, judgments were rendered on the 23d of March, 1855, and were recorded on the 5th April, 1855, in the mortgage book of the parish of Tensas. Executions were afterwards issued on these judgments, and property was pointed out to the Sheriff as that of *John Routh,* to seize and sell in satisfaction of the said executions.

The Sheriff having refused to levy on the property pointed out as that of defendant, *Routh,* and returned said executions, " no property found"; this suit was brought against *John Routh,* and *Mrs. Matilda Bowie, Allen T. Bowie, John K. Routh,* and the minor children of *Calvin S. Routh,* to wit, *Ann S., Matilda J.* and *John Routh, Jr.,* who pretended to hold title to the property pointed out to the Sheriff as that of *John Routh,* on which he had been directed to seize.

From the statement of facts, it appears clear that the exception ought not to have been sustained as to any of the defendants.

The sole issue in this last suit was, whether the property pointed out to the Sheriff was that of *John Routh* or of the other parties to the suit : judgments had been obtained by *Peale,* in his capacity of trustee, against *John Routh ;* therefore, as to him, in all the subsequent proceedings to have these judgments satisfied, the capacity of *Peale,* as trustee, was *res judicata ;* the other defendants cannot contest the validity of these judgments, for they have no interest therein.

The position of plaintiff is this ; he has, in the capacity of trustee, obtained judgments against *John Routh,* and now seeks to execute them upon certain property claimed by some of the defendants ; they cannot deny and demand proof of the capacity of *Peale* in the suits wherein those judgments have been rendered, for the sole person that could have contested it, was *John Routh,* and it is now for him *res judicata ;* the only question in the present suit is, whether *John Routh* or the other defendants are the rightful owners of the property pointed out to the Sheriff as that of *John Routh,* and whether it can be sold to satisfy the judgments aforesaid. Plaintiff has, by a decree of competent jurisdiction for this State,

<div style="float:left">PEALE<br>v.<br>ROUTH.</div>

been judicially recognized to have, in the capacity of trustee, a claim against the property of *John Routh*, and he has the right to enforce that claim whenever he can find in the State property of his judgment debtor ; those in possesssion of his property can no more dispute his capacity, than they could the validity of the judgments and a sufficient cause to justify them.

The principal issue in the case is, whether plaintiff obtained the judgments, and by whom the property in contestation belongs.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed ; that the exceptions of defendants are overruled, and that this cause be remanded to the lower court, to be proceeded with according to law, and that appellees pay the costsof appeal.